IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| SAMMY MCLAIN, JR., | * |
| Plaintiff, | * |
| v. | * Case No.: 8:23-cv-01521-GLS |
| MICHELLE THALLER, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \*

**NAMED DEFENDANT PEPCO HOLDINGS LLC COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW Named Defendant Pepco Holdings LLC Company ("Pepco Holdings") by and through its attorney Brian E. Hoffman**,** pursuant to Federal Rule of Civil Procedure 12(b)(6), and files this Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint and in support thereof, states as follows:

**I.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**A.    Standard of Review**

Rule 8(a)(2), requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(3) requires a demand for the relief sought.  Fed. R. Civ. P. 8(a)(3).  Rule 8(d) requires that each allegation "simple, concise, and direct." Fed. R. Civ. P. 8(d).   Rule 10(b) requires that Plaintiff must state his claim in numbered paragraphs with each limited as far as practicable to a single set of

circumstances. The rule also requires separate counts if they would promote clarity. Fed. R. Civ. P. 10(b).

In deciding this Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court should apply the two-part test set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The Court should first "identify the allegations in the complaint that are not entitled to the assumption of truth," including "bare assertions" amounting to "nothing more than a 'formulaic recitation of the elements'" and conclusory assertions. *Id.* at 1951 (citation omitted). Second, the court should "consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. "Facial plausibility is established once the factual content of the complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949, 1952).

The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949-50 (2009). The plausibility standard requires a plaintiff demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id*. Rather, it requires the plaintiff to articulate facts, when accepted as true, that "show" that the plaintiff has stated a claim entitling him to relief, *i.e.*, the "plausibility of 'entitlement to relief.'" *Id*. Furthermore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged - but has not 'show[n]' - that the pleader is that the pleader is entitled to relief." *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2) (alteration in original)).

*Bolden-Gardner v. Liberty Mut. Ins. Co.*, Civil Action No. RDB-19-3199, 2021 U.S. Dist. LEXIS 48, at *11-13 (D. Md. Jan. 4, 2021), sets forth standard of review for assessing whether Plaintiff has adequately stated a claim:

> A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted); *see also Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).
>
> In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, *Iqbal*, 556 U.S. at 678-79, and must "draw all reasonable inferences [from those facts] in favor of the plaintiff," *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943, 132 S. Ct. 402, 181 L. Ed. 2d 257 (2011). However, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79; *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); *Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). Mere recitals of the elements of a cause of action, supported only by conclusory statements do not suffice. *Iqbal*, 556 U.S. at 678. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is

liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* When allegations in a complaint have not crossed the line from conceivable to plausible, the plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

**B.    The Amended Complaint Procedurally Fails to State a Claim**

The Amended Complaint violates Federal Rule 10(b) by failing to contain numbered paragraphs, separate counts, or limiting statements to a single set of circumstances.

The Amended Complaint violates Federal Rule 8 by failing to contain simple, concise, and direct averments, failing to identify, name, or otherwise set forth any cause of action or claim for relief, failing to aver statements of fact as may be necessary to show the pleader's entitlement to relief and failing to seek any relief or demand the relief that is sought.  The Original Complaint sought neither money damages, injunctive relief, nor any kind recovery or relief, and failed to state what it requested the Court to order, find, or do.  On this issue, the Amended Complaint now seeks relief in the form of One Trillion Dollars, which is not a serious claim for relief, and rather, mocks this Court's pleading requirements.  To summarize the procedural defects in the Complaint, it contains no allegations, no causes of action, no counts, no payer for relief, no statement of money damages, and no facts supporting any cause of action.

**C.    The Amended Complaint Substantively Fails to State a Claim**

Substantively, the Complaint purports to sue Pepco Holdings and contains only the following language with respect to Pepco Holdings:

> I have witnessed Pepco Holdings LLC Company violate the Maryland Environmental Policy Act MD Code, Natural Resources 1-302.  I have contacted PEPCO Holdings LLC Company on several occasions with focused attention to Matt Young Sr. Project Manager at Pepco Holdings an Excelon Company in Rockville Maryland and PEPCO Electric Transmission Right-Of-

4

>Way ROW Maintenance to inform them of my Discovery of a path leading from my previous Achievement remotely connected to a PEPCO Service Territory on Riggs Road in Hyattsville Maryland that lead to the other side of Earth and Prehistoric encounters with no action taken to Date about the Alert.

These allegations are repeat of the only allegations against Pepco Holdings in the Original Complaint. The only addition to the Original Complaint is that the Amended Complaint now quotes MD Code, Natural Resources §1-302.

The Amended Complaint fails to state how Pepco Holdings violated any law. It fails to say when Pepco Holdings violated any law. It fails to state where Pepco Holdings violated any law. It fails to identify any law that Pepco Holdings may have violated. The Maryland Code section cited and quoted in the Amended Complaint cannot be violated as it is merely the "Declaration of Policy" for the Maryland Environmental Policy Act.[1] It does not identify the property that may be in dispute. It does not identify Plaintiff's property or Pepco Holding's property, how they are related, or the proximity of any piece of property to another piece of property. It fails to allege any facts indicating how the Plaintiff could have standing to sue Pepco Holdings for any cause of action. It fails to allege the dates of any events. It fails to allege any tort claim. It fails to allege any facts supporting any elements of any claim or cause of action.

Wherefore, aside from the pleading rules, and construing the Amended Complaint as holistically as possible, it contains no facts, clear or otherwise, that can show that Plaintiff is entitled to any relief. The Amended Complaint does not state any facts to support any cause of action, and therefore, no inferences of any kind can be drawn from the pleading. The Amended

---

[1] Whereas the Act's Declaration of Policy refers to "All State agencies", it is possible Plaintiff mistakenly believes that this Defendant is a State agency.

Complaint contains no measure of specificity and does not demonstrate the existence of any elements required to sustain any cause of action. It contains no factual allegations that plausibly suggest entitlement to relief or that support any reasonable inference of liability on the part of the Named Defendant.

II.     **CONCLUSION**

**WHEREFORE**, for the foregoing reasons, Named Defendant **PEPCO HOLDINGS LLC COMPANY** respectfully requests that the Plaintiff's Amended Complaint be dismissed.

Respectfully submitted,

Brian E. Hoffman #15150
701 Ninth Street, N.W., Ninth Floor
Washington, DC 20068-0001
(202) 428-1108 (Office)
E-mail: behoffman@pepcoholdings.com
*Counsel for Named Defendant Pepco Holdings LLC Company*