UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0637
MDD_DLBChambers@mdd.uscourts.gov

November 2, 2023

**LETTER ORDER**

RE:   *Mclain v. Thaller, et al.*
      DLB-23-1521

Dear Counsel and Mr. Mclain:

On March 23, 2023, Sammy Mclain Jr., representing himself, filed suit in the Circuit Court for Montgomery County against NASA's Assistant Director for Science Communication, Dr. Michelle Thaller; Pepco Holdings LLC; and Matt Young, a Pepco employee.[1] ECF 2, at 1. The defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 and § 1442. They then filed motions to dismiss the complaint. ECF 47 (Thaller's motion); ECF 27 (Pepco's motion); ECF 28 (Young's motion). Mclain filed a motion for summary judgment. ECF 51. For the following reasons, the motions are denied as moot, and the complaint is dismissed without prejudice.

This Court has the inherent authority to dismiss a complaint *sua sponte* if the allegations are frivolous. *See Mallard v. U.S. Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307–08 (1989) (noting court's authority to dismiss frivolous claims "even in the absence of [a] statutory provision"); *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015) (unpublished) (mem.) ("Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (same). A claim "is frivolous where it lacks an arguable basis either in law or in fact," as the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as noted in Quartey v. Obama*, No. PJM-15-567, 2015 WL 13660492, at *1 (D. Md. Mar. 4, 2015).

Mclain alleges "factual contentions [that] are clearly baseless" and describes "fantastic or delusional scenarios." *Id.* at 327–28. He alleges, for example, that NASA is defrauding the American public by fabricating space travel. As for Pepco and Young, he alleges they have

---

[1] Mclain also named "Mary W. Jackson, NASA Headquarters" as a defendant, *see* ECF 2, but as defendants point out, Jackson "is a deceased, renowned former NASA employee; she was the first African American female engineer at NASA," ECF 18, at 2. The Court interprets this to be an attempt to specify NASA's address, because NASA's headquarters was named in Jackson's honor in 2020. *Id.* at 2–3.

violated his rights by not responding to his allegations of "prehistoric encounters" and a path to the other side of Earth and have discriminated against him by not recognizing his "achievement and discovery" of these facts. ECF 8, at 2–3. These fanciful and implausible allegations have no "arguable basis either in law or in fact." *See Neitzke*, 490 U.S. at 325.

Because the allegations in Mclain's complaint are frivolous, the complaint is dismissed without prejudice pursuant to the Court's inherent authority. The defendants' motions to dismiss and the plaintiff's motion for summary judgment are denied as moot.

Although informal, this is an Order of the Court and shall be docketed as such. The Clerk is directed to mail a copy to Mclain and to close the case.

Sincerely,

Deborah L. Boardman
United States District Judge